UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 22-6462-GW (KS)                                                        Date: September 13, 2022

Title      *Marcus Kalia Simon v. D. Samuel*

Present:  The Honorable:      Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:            Attorneys Present for Respondent:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.      The Petition and Prior Proceedings**

On September 8, 2022, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition raises two claims challenging Petitioner's August 8, 2012 conviction by plea agreement in the Los Angeles Superior Court of attempted murder with use of a firearm (case no. TA123230). (*Id.* at 2.) On May 28, 2013, Petitioner was sentenced to 25 years in state prison. *People v. Simon*, No. B248982 (Cal. Ct. App. 2014), *available at http://appellatecases.courtinfo.ca.gov* (last visited Sep. 13, 2022).[1]

Petitioner appealed the judgment of conviction to the California Court of Appeal, Second Appellate District, Division Eight, and the state appellate court affirmed the conviction in full on April 3, 2014 (case no. B248982). (*Id.* at 2-3); *see also People v. Simon*, No. B248982, 2014 WL 1326995, at *1 (Cal. Ct. App. Apr. 3, 2014). On June 11, 2014, the California Supreme Court denied review of the state appellate court's decision without comment or citation. (Dkt. No. 1 at 3); *see also People v. Simon*, No. S217926 (Cal. 2014), *available at http://appellatecases.courtinfo.ca.gov* (last visited Sep. 13, 2022).

---

[1]  Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Zinman v. Asuncion*, No. 2:22-cv-00886-JVS-JC, 2022 WL 580731, at *1 (C.D. Cal. Feb. 24, 2022) (taking judicial notice of the dockets of the California Court of Appeal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   __CV 22-6462-GW (KS)_____    _Date: September 13, 2022_

Title   _Marcus Kalia Simon v. D. Samuel_____


Petitioner  states that he filed a full round of state habeas petitions, one in the Los Angeles Superior Court (case no. TA123230, filed on February 16, 2021; denied on April 16, 2021), one in the California Court of Appeal (case no. B313217, filed on June 23, 2021; denied on June 30, 2021), and one in the California Supreme Court (case no. S271961, filed on November 29, 2021; denied on April 13, 2022).  (Dkt. No. 1 at 3-5); *see also Simon (Marcus Kalia) On H.C.*, No. S271961 (Cal. 2022), *available at http://appellatecases.courtinfo.ca.gov* (last visited Sep. 13, 2022).

Finally, Petitioner previously filed a federal habeas petition in this Court challenging the same judgment of conviction.  *Marcus K. Simon v. Elvin Valenzuela*, CV 15-5094-GW (FFM). He filed that petition on July 6, 2015.  *Id.* at Dkt. No. 1.  On March 28, 2017, the Court entered an order and judgment denying Petitioner's claim on the merits and dismissing the action with prejudice.  *Id.* at Dkt. Nos. 12, 16, 17.

The current Petition asserts two claims for relief: (1) Petitioner's conviction in adult felony court violated his right to due process; and (2) the trial court abused its discretion when it denied Petitioner's pre-sentencing motion to withdraw his no-contest plea.  (Dkt. No. 1 at 5-6.)


**II.      Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely and appears to be an unauthorized second or successive petition.**
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 22-6462-GW (KS)                                                    Date: September 13, 2022

Title       *Marcus Kalia Simon v. D. Samuel*

### III.    The Petition is Facially Untimely

Based upon the background facts outlined above, the Petition is subject to summary dismissal because it is untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, section 2244(d)(1)(A) is the only applicable subsection based on the face of the Petition and available state court records.  Under that provision, the state court's judgment of conviction became final on September 9, 2014 – 90 days after the California Supreme Court's June 11, 2014 denial of the petition for review on direct appeal.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6462-GW (KS)                                   Date: September 13, 2022

Title      _Marcus Kalia Simon v. D. Samuel_

States Supreme Court, whether or not the petitioner actually files such a petition."). The limitations period then ran from September 10, 2014, to September 10, 2015. 28 U.S.C. § 2244(d)(1)(A). However, Petitioner did not commence the pending federal habeas action until September 8, 2022. Consequently, the Petition is facially untimely by approximately seven years and subject to dismissal. _See_ Habeas Rule 4.

Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling. By his own admission, Petitioner did not file his first state habeas petition at any level of the state courts until February 16, 2021, more than five years after AEDPA's one-year statute of limitations had lapsed. _See Laws v. Lamarque_, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); _Ferguson v. Palmateer_, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In sum, the face of the Petition and Petitioner's publicly available state court records do not establish sufficient statutory and/or equitable tolling to extend the deadline for filing the instant Petition. Accordingly, the Petition is facially untimely by seven years, rendering this action subject to dismissal under Habeas Rule 4.

**IV.     The Petition Appears to be an Unauthorized Second or Successive Petition**

Finally, as noted above, this is Petitioner's second federal habeas petition challenging the conviction and sentence for which he is currently in custody – namely, his August 8, 2012 conviction. As a result, the Petition is also subject to dismissal because it appears to be an unauthorized second and successive petition. State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. _See_, _e.g._, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    CV 22-6462-GW (KS)                                                      Date: September 13, 2022

Title      *Marcus Kalia Simon v. D. Samuel*


could have been adjudicated on the merits" in an earlier § 2254 petition.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Furthermore, even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  However, nothing on the face of the instant Petition indicates that Petitioner sought and received leave from the Ninth Circuit to file a second or successive petition presenting the current claims.  Therefore, the Petition must be dismissed because the Court lacks jurisdiction to consider it.  28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**V.      Conclusion and Order**

The Court's review of the Petition and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely, which subjects the Petition to summary dismissal under Habeas Rule 4.  Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show that his Petition is, in fact, timely by filing a First Amended Petition that makes such a showing.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than October 4, 2022, shall file a First Amended Petition that does <u>all of</u> the following:**

> **(1) clearly demonstrates that the pending Petition is not an unauthorized second or successive petition under 28 U.S.C. § 2244(b);**
> **(2) clearly identifies the date on which the statute of limitations began to run on Petitioner's claim; AND**
> **(3) establishes one or all of the following:**
> > **a.  The Court's above analysis is incorrect and the Petition is timely;**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 22-6462-GW (KS)                                    Date: September 13, 2022

Title      *Marcus Kalia Simon v. D. Samuel*

      **b. Petitioner is entitled to sufficient statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**

      **c. Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from timely filing the Petition.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED**.

                                              :

**Initials of Preparer**   gr